108856

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

FRANK MANFRED, II,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,

    Defendant.

_____/

### MOTION TO DISMISS FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

    Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC (FOCUS), by and through undersigned counsel, hereby files its Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law pursuant to Rule 12(b)(1), Fed. R. Civ. P., and states as follows:

### FACTUAL BACKGROUND

    This matter arises out of allegations that FOCUS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stats., § 559.55, et seq. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in

attempting to collect an unpaid bill from Plaintiff, FRANK MANFRED, II (MANFRED).

On April 19, 2010, MANFRED filed a seven count complaint against FOCUS, wherein Counts I, II, III, and IV allege that FOCUS violated the FDCPA, Counts V and VII allege that FOCUS violated the TCPA, and Count VI alleges that FOCUS violated the FCCPA. MANFRED also sought injunctive relief in some of those counts. The factual support for each claim is the same, i.e. messages left on MANFRED'S cell phone. (Complaint at ¶ 10).

On June 8, 2010, Plaintiff served his Rule 26 Initial Disclosures. (See, Exhibit "A"). In his disclosures, MANFRED asserted that he seeks statutory damages of "up to $1,000" for his FDCPA claims. MANFRED also seeks "costs, litigation expenses, and attorney's fees." *Id.*

On February 15, 2011, FOCUS, by and through its counsel, sent MANFRED'S counsel an e-mail correspondence offering "$1,001, plus reasonable attorney's fees and costs to settle the FDCPA claims." (See, Exhibit "B"). The only condition of the offer was that MANFRED dismiss with prejudice his FDCPA claims. As of the filing of the Motion, MANFRED has not accepted FOCUS' offer.

Nonetheless, FOCUS' offer renders moot MANFRED'S FDCPA claims. Moreover, exclusive jurisdiction over MANFRED'S TCPA and FCCPA claim

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

rests in state court.   As a result, this case should be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL ANALYSIS.

### Standard for Dismissal under Rule 12(b)(1).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11t1 Cir. 1990).  Here, FOCUS moves on the grounds of a factual attack, meaning "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*  The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, US. v. Cotton*, 535 U.S. 625, 630 (2002).

FOCUS moves this Court for dismissal of MANFRED'S Complaint, under Rule 12(b)(1), because there is no case or controversy which presently exists between the parties and because this Court lacks independent jurisdiction over MANFRED'S FCCPA and TCPA claims.   MANFRED has been offered the

maximum damages recoverable if violations are proven under the FDCPA. Therefore, MANFRED no longer has an ongoing controversy with FOCUS under the FDCPA. There is nothing more available to him for litigating those claims; therefore, he no longer has a personal stake in the outcome of that portion of the lawsuit. Accordingly, this Court should dismiss MANFRED'S FDCPA claims for lack of subject matter jurisdiction.

### No Case or Controversy Exists Between the Parties with regard to MANFRED'S FDCPA claims.

Article III of the United States Constitution limits the judicial authority of the federal court system to "Cases" and "Controversies." The exercise of judicial power under Art. III of the Constitution "depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The case or controversy requirement continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

An offer that satisfies plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve,

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

effectively mooting the action and removing jurisdiction. *See, Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F. 3d 1240 (11th Cir. 2003); *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873 (7th Cir. 1987); *Zimmerman v. Bell*, 800 F.2d 386 (4th Cir. 1986); *Abrams v. Interco, Inc.*, 719 F.2d 23 (2nd Cir. 1983); *MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003).   Although, upon filing of the Complaint, MANFRED initially satisfied the constitutional case or controversy requirement, "it is not enough that a dispute was very much alive when suit was filed;...the parties must continue to have a personal stake in the outcome of the lawsuit." *See, Lewis*, at 477-478.   Because MANFRED has been offered the maximum recoverable damages under the FDCPA, he no longer has an ongoing controversy with FOCUS on those claims. There is nothing further for MANFRED to gain by litigating those claims. As a result, jurisdiction of the claims cannot be sustained by MANFRED and this Court should dismiss the FDCPA claims for lack of subject matter jurisdiction.

**FOCUS offered full damages MANFRED would be entitled to recover under the FDCPA should the violations be proven.**

Under the FDCPA, MANFRED can recover no more than $1,000 in statutory damages per action, regardless of the number of violations proven. *See,*

*Harper v. Better Business Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992), *Wright v. Finance Serv.*, 22 F.3d 647 (6th Cir. 1994).

Here, FOCUS offered $1,001.00, plus reasonable attorneys' fees and costs, which is $1 more than MANFRED'S claimed damages in his Rule 26 Initial Disclosures.   Moreover, if MANFRED proves violations of the FDCPA, his damages would be limited to the $1,000 under the FDCPA, plus attorney's fees and costs of the action. FOCUS has offered MANFRED more than that relief.

### **Plaintiff's refusal to accept the offer is irrelevant**.

Once the defendant offers to satisfy the plaintiff's entire demand, there is "no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake." *Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994). *See also Zimmerman v. Bell*, 800 F.2d 386 (4th Cir.1986); *Abrams v. Interco Inc.*, 719 F.2d 23 (2nd Cir.1983); *Spencer-Lugo v. INS*, 548 F.2d 870 (9th Cir.1977). "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004).

As outlined above, FOCUS presented MANFRED with an offer for the full damages he demanded under the FDCPA. Since MANFRED did not accept the offer, he loses outright under Fed. R. Civ. P. 12(b)(1). MANFRED no longer has a

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

personal stake in the outcome of that portion of this lawsuit. This Court lacks subject matter jurisdiction over the FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(1).

### This Court lacks jurisdiction to entertain Plaintiff's TCPA and FCCPA claims.

The Court also has no jurisdiction to entertain MANFRED'S FCCPA or TCPA claims since jurisdiction over those claims is exclusive to state court once the FDCPA claims are dismissed. No basis exists for supplemental or diversity jurisdiction. The Eleventh Circuit has held that "federal courts lack subject matter jurisdiction over private actions under the [TCPA]." *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) modified, 140 F.3d 898 (11th Cir. 1998). Moreover, the only Florida state court to determine this issue has held that jurisdiction over TCPA claims rests in state court. *See, Condon v. Office Depot, Inc.*, 855 So. 2d 644, 647 (Fla. 2nd DCA 2003).

Several other federal circuit courts that have considered the issue have also concluded that exclusive jurisdiction over TCPA claims rests in state court. *See, ErieNet, Inc., v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997); *International Science & Tech. Inst. v. Inacom Com.*, 106 F.3d 1146 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).

The same attorney representing MANFRED in this instant matter has himself previously moved to dismiss a nearly identical case (in which he was the named-plaintiff) on the same grounds advanced here by FOCUS. (See, Exhibit "C"). That case was dismissed by this Court for lack of jurisdiction. (See, Exhibit "D").

This Court has uniformly held in other nearly identical situations that it has no jurisdiction over TCPA/FCCPA claims once the FDCPA claims have been satisfied. *See Lewis v. Central Credit Services, Inc.*, Case No. 09-22406-CIV-HUCK/O'SULLIVAN; *Pollock v. Syndicated Office Systems, Inc.*, 09-60813; *Crescenzo v. ER Solutions, Inc.*, 09-60685; *Outten v. United Collection Bureau, Inc.*, Case No. 09-21817; *Mims v Arrow Fin. Svcs.*, Case No. 09- 22347; *Harmon v. Accounts Receivable Management, Inc.*, Case No. 08-81438. Since jurisdiction over TCPA claims is exclusive to state court and no basis exists for this Court to exercise supplemental jurisdiction over the TCPA claims, MANRED'S TCPA claims should be dismissed for lack of jurisdiction.

The only remaining claims alleged by the Plaintiff fall under the FCCPA, a state claim. 28 U.S.C. §1367(c) provides:

> (c)   The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> > (1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original Jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, there is no reason for this Court to exercise supplemental jurisdiction over Plaintiff's FCCPA claims under § 1367.

### Conclusion

FOCUS has offered MANFRED all that he is entitled to recover under the FDCPA. Moreover, exclusive jurisdiction over his FCCPA and TCPA claims lies in state court. As such, this Court no longer has jurisdiction over this matter and it should therefore be dismissed.

WHEREFORE, Defendant, FOCUS, requests this Court to enter an Order dismissing this case for lack of jurisdiction, and for any other and further relief this Court deems fair and just.

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

## CERTIFICATE OF SERVICE

I hereby certify that on *February 16, 2011*, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY,
MORROW, & SCHEFER, P.A.
Attorney for Defendant
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Phone:  (954) 961-1400 Broward
Fax:  (954) 967-8577


By:   s/Carlos D. Cabrera
        Carlos D. Cabrera, Esquire
        Florida Bar No. 331650
        Seth R. Goldberg, Esquire
        Florida Bar No. 032204

CASE NO. 10-60597 CIV ZLOCH/ROSENBLUM

## SERVICE LIST

MANFRED, II, FRANK V. FOCUS RECEIVABLES MGMT, LLC
Case No. 10-60597 CIV ZLOCH/ROSENBLUM
United States District Court, Southern District of Florida

Donald A. Yarbrough, Esquire
donyarbrough@mindspring.com
Post Office Box 11842
Fort Lauderdale, FL 33339
Attorney for Plaintiff
Phone:  954-537-2000
Fax:  954-566-2235
Served via CM/ECF

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60597-Civ-Zloch/Rosenbaum

FRANK MANFRED,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC.,

    Defendant.
_____/

### PLAINTIFF'S RULE 26 INITIAL DISCLOSURE

Plaintiff, Frank Manfred, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits Initial Disclosures as follows:

**(A)    Individuals Likely to Have Discoverable Information**

1.    Plaintiff, who has knowledge of the communications between Plaintiff and Defendant. Plaintiff's address is: Mr. Frank Manfred, II, 17757 NW County Road 12, Bristol, FL 32321.

2.    Records Custodian, Law Office of Donald A. Yarbrough, whose address is Suite 105, 2000 East Oakland Park Boulevard, Fort Lauderdale, FL 33306 and whose telephone number is (954) 537-2000. The Records Custodian has knowledge of the maintenance of Plaintiff's documents.

3.    All witnesses anticipated to be provided by the Defendant in its Rule 26(a)(1) Initial Disclosure and any amendments thereto. Plaintiff is unable to state at this time the subject matter of these witnesses testimony.

4.      All parties to any litigation, past and present, to which the Defendant were a party whose names, addresses and telephone numbers are presently unknown to the Plaintiff. Plaintiff is unable to state at this time the subject matter of these witnesses testimony.

5.      All current and former Officers, employees and agents of the Defendant whose names, addresses and telephone numbers are presently unknown to the Plaintiff. Plaintiff is unable to state at this time the subject matter of these witnesses testimony.

**(B)   Description by Category of Relevant Documents**

The categories of documents all of which are located at Plaintiff's counsel's office:

1.      Audio recordings of telephone messages.

**(C)   Computation of Damages**

1.      Regarding the Fair Debt Collection Practices Act, statutory damages of up to $1,000 pursuant to 15 U.S.C. §1692k(a)(2).

2.      Regarding the Florida Consumer Collection Practices Act, statutory damages of up to $1,000.00, per adjudication, pursuant to Fla. Stat. §559.55 *et seq.*

3.      Regarding the Telephone Consumer Protection Act, statutory damages of $500.00 per violation and treble damages of up to $1,500.00 per violation pursuant to 47 U.S.C §227, *et seq.*

4.      Declaratory and injunctive relief.

5.      Costs, litigation expenses, and attorneys fees.

**(D)   Insurance Agreement**

None applicable.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone (954) 537-2000
Facsimile (954) 566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was furnished by US Mail and

facsimile on June 8, 2010, to:

Mr. Carlos D. Cabrera, Esq.
Conroy, Simberg, Ganon, Krevans & Abel
Second Floor
3440 Hollywood Boulevard
Hollywood, FL 33021
Telephone: 954-518-1370
Facsimile: 954-967-8577

_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

EXHIBIT "B"

**CXC-Carlos D. Cabrera**

| | |
|---|---|
| **From:** | CXC-Carlos D. Cabrera |
| **Sent:** | Tuesday, February 15, 2011 10:40 AM |
| **To:** | Don Yarbrough; 'Alyssa Indelicato'; Amanda Winston; Leanna Parasram; Deniece Hipolito; Brian Albaum |
| **Cc:** | JVJ-Jacquie V. Johnson; SRG-Seth Goldberg; 'Steven Koepke' |
| **Subject:** | Manfred v. Focus Receivables |

Don,

Please be advised that my client has authorized me to offer to your client $1,001 plus reasonable attorney's fees and costs to settle the FDCPA claims being asserted in the Complaint. The only condition of this offer is that the Plaintiff dismiss with prejudice the FDCPA claims being asserted in this case. With regard to the determination of attorneys' fees and costs, we are agreeable to allowing the Court to determine that issue, should we be unable to reach an agreement ourselves.

Thank you,

**Carlos D. Cabrera, Esq.**
*Appellate Department*
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
(954) 961-1400, Ext. 1370
(954) 518-1370 Direct Line
(954) 518-8649 Facsimile
ccabrera@conroysimberg.com
www.conroysimberg.com

Miami/Coral Gables – Fort Lauderdale/Hollywood – West Palm Beach – Orlando – Tampa – Fort Myers – Pensacola – Tallahassee – Jacksonville

**PRIVILEGE AND CONFIDENTIALITY NOTICE**: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The contents of this e-mail message and any attachments are intended solely for the party or parties addressed and named in this message. This communication and all attachments, if any, are intended to be and to remain confidential, and it may be subject to the applicable attorney – client and or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute, or copy this message and or any attachments if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Although this E-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., for damage arising in any way from its use.

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61136-Civ-Moreno/Torres

DONALD A. YARBROUGH,

      Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
d/b/a CREDIT COLLECTION SERVICES,
AND QUEST DIAGNOSTICS INCORPORATED,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff, Donald A. Yarbrough, files this Motion to Dismiss for Lack of Jurisdiction and, in support thereof, states as follows:

1.      In light of the Court's dismissal of Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (DE 20, and 32) the Court lacks subject matter jurisdiction over the sole remaining claim under the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

2.      Although the TCPA is a federal statute, it is the only federal statute that confers exclusive jurisdiction upon state courts. Plaintiff relied upon federal question jurisdiction under the FDCPA as the jurisdictional basis of his Complaint with supplemental jurisdiction over the TCPA claim as provided by 28 U.S.C. §1367. The 11th Circuit has held that federal courts do not have federal question jurisdiction over TCPA claims by private litigants:

1

We have carefully examined the reasoning of the Fourth and Fifth Circuits and, we too, are persuaded that federal courts lack subject matter jurisdiction of private actions under the Act.

Like the Fourth and Fifth Circuits, we also reject Hooters's argument that federal-question jurisdiction exists under 28 U.S.C. § 1331 (1994) because Nicholson's complaint clearly presents a federal question as it alleges a violation of federal law. See International Science, 106 F.3d at 1154; Chair King, 131 F.3d at 510. We recognize that "as a general matter, a cause of action created by federal law will properly be brought in the district court." 106 F.3d at 1154. Nevertheless, the general jurisdictional grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere. Id. Here, the text of the Act, including the specific grant of federal jurisdiction to state attorneys general, as well as the Act's legislative history, demonstrate that Congress intended to assign the private right of action to state courts exclusively.

Nicholson v. Hooters of Augusta, 136 F.3d 1287, 1289 (11th Cir. Ga. 1998).

3.    Once all claims giving rise to federal jurisdiction have been resolved, the

dismissal of any remaining state law claim should be *without* prejudice. Crotwell v.

Hockman-Lewis, Ltd., 734 F.2d 767, 769 (11th Cir. 1984).

4.    Defendant Credit Control Service, Inc. is familiar with the lack of

jurisdiction argument having advanced it in the Southern District on a previous case. See

pages 7-8, Defendant's Motion to Dismiss for Lack of Jurisdiction (DE 23), a true copy

of which is attached as Exhibit "A". Curtis v Credit Control Services, Inc. Case No.: 08-

60558-Gold-McAliley, (December 15, 2008, S. D. Fla.).

5.    In a case nearly identical to the instant case, United States District Judge

James I. Cohn found lack of jurisdiction over claims under the TCPA once the FDCPA

claim has been resolved. See Order Granting in Part Motion for Entry of Final Judgment,

Order Dismissing TCPA claims without Prejudice, (DE 30), a true copy of which is

attached as Exhibit "B", <u>Pollock v Syndicated Office Systems, Inc.</u>, Case No.: 09-60813-Civ-Cohn/Seltzer, (February 12, 2010, S. D. Fla.).

6.      United States District Judge William P. Dimitrouleas has reached the same conclusion. See Order Dismissing TCPA Claim for Lack of Jurisdiction; Closing Case (DE 48) a true copy of which is attached as Exhibit "C", <u>Crescenzo v ER Solutions, Inc. et al.</u>, Case No.: 09-Civ-60685, (April 6, 2010, S. D. Fla.).

7.      Plaintiff, acting has his own counsel, did have a valid case under the FDCPA but due to medical reasons did not file an opposition to Defendants Motion for Judgment on the Pleadings (DE 15) which was granted by default (DE 20). Counsel's illness is as follows: in late December 2009 the undersigned incurred a debilitating back injury for which he received treatment from an orthopedic surgeon, chiropractor and physical therapist. Subsequent thereto, the undersigned developed depression. By late March it became evident that medical attention for depression was necessary and the undersigned sought treatment for depression and has had success with that treatment. The depression had a negative effect on the undersigned's ability to work consistently and productively. For example, the undersigned filed 21 new cases during the month of August 2009 and 37 during the month of September and successfully litigated a trial in October 2009. In juxtaposition to the foregoing functionality, during the month of January 2010, the undersigned filed one new case, in February 4 and in March zero.

8.      The undersigned has made substantial medical improvement in recent weeks, however, catching-up on numerous otherwise routine case requirements, many of which have now become emergencies, that were not given sufficient attention during the

3

months of February and March has resulted in emergency and rush situations on a daily basis and has precluded proper attention to this case.

9.     Plaintiff respectfully requests the Court not retain jurisdiction over the remaining TCPA claim as Plaintiff's medical condition restricted Plaintiff's ability to depose relevant witnesses and respond to Defendants discovery requests and otherwise properly litigate this case due to his limited functionality during a crucial period of the litigation. Defendant's counsel Dale T. Golden, Esq. has refused to agree to a dismissal of the remaining claim and is attempting to capitalize on the medical condition.

WHEREFORE, Plaintiff respectfully requests this Court dismiss the remaining claim under the TCPA without prejudice for lack of jurisdiction and excuse Plaintiff from responding to Defendant's outstanding discovery request.


Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658


4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61136-Civ-Moreno/Torres

DONALD A. YARBROUGH,

     Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
d/b/a CREDIT COLLECTION SERVICES,
AND QUEST DIAGNOSTICS INCORPORATED,

     Defendants.

_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on <u>April 21, 2010</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      <u>s/Donald A. Yarbrough</u>
                                      Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
Suite A
2124 West Kennedy Boulevard
Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675

Mr. David C. Pollack, Esq
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler, Street
Miami, FL 33130
Telephone: 305-789-3435
Facsimile: 305-789-2651

Via Notices of Electronic Filing generated by CM/ECF

EXHIBIT "D"

Case 1:09-cv-24086-FAM  Document 604  Entered on FLSD Docket 06/05/2010  Page 1 of 2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  09-61136-CIV-MORENO**

DONALD YARBROUGH,

      Plaintiff,

vs.

CREDIT CONTROL SERVICES, INC., d/b/a
CREDIT COLLECTION SERVICES, and
QUEST DIAGNOSTICS INCORPORATED,

      Defendants.

_____/



## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Plaintiff's Motion to Dismiss for Lack of Jurisdiction **(D.E. No. 34 )**, filed on **April 21, 2010**.

The only remaining count in the instant case is a claim based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Although the TCPA is a federal statute, the Eleventh Circuit has clearly stated that this private right of action is assigned to state courts exclusively. *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998). The Eleventh Circuit also specifically rejected the argument that the TCPA provided concurrent jurisdiction as federal courts are courts of limited jurisdiction. *See id.* at 1289. Therefore, the Court dismisses the case for lack of subject matter jurisdiction. Additionally, dismissal of Plaintiff's claim is without prejudice because when a district court lacks subject matter jurisdiction, the court has "no power to render a judgment on the merits." *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (citation omitted). Accordingly, it is,

Case 0:09-cv-28406-PCH   Document 264   Entered on FLSD Docket 06/05/2000   Page 2 of 2

**ADJUDGED** that Plaintiff's Motion to Dismiss for lack of subject-matter jurisdiction is

GRANTED WITHOUT PREJUDICE. Further, all pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this day of May, 2010.

 

 

 

_____

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record