UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60597-CIV-ZLOCH

FRANK MANFRED, II,

     Plaintiff,

vs.                                 **O R D E R**

FOCUS RECEIVABLES MANAGEMENT,
LLC,

     Defendant.
_____/

     THIS MATTER is before the Court upon Defendant Focus Receivables Management, LLC's Motion To Dismiss For Lack Of Jurisdiction (DE 20). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

     By the instant Motion (DE 20), Defendant Focus Receivables Management asserts that the above-styled cause should be dismissed for lack of subject matter jurisdiction. Defendant asserts that it has offered to fully satisfy Plaintiff's FDCPA claims, rendering those claims moot and, in turn, divesting this Court of federal subject matter jurisdiction.

     The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005),

citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 (2006). "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues." Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In his Complaint (DE 1), Plaintiff asserts claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal FDCPA claims and 28 U.S.C. § 1367 as to the FCCPA and TCPA claims. Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

>     jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  It is clear that this Court has original jurisdiction over the federal claims asserted pursuant to the FDCPA.  However, regardless of the number of violations proven, the maximum in statutory damages an individual can recover under the FDCPA is $1,000.00.  15 U.S.C. §1692(a)(2)(A); <u>Harper v. Better Business Servs.</u>, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992).  On February 15, 2011, Defendant Focus Receivables Management, LLC sent Plaintiff Frank Manfred, II, a settlement offer exceeding the maximum recovery under the statute, $1,001.00 plus reasonable attorney's fees and costs.  <u>See</u> DE 20, p.18.  Defendant asserts that this offer renders the FDCPA claims in the above-styled cause moot.

However, the cases upon which Defendant relies stand for the proposition that defendants' <u>offers of judgment</u>, generally made under Rule 68 of the Federal Rules of Civil Procedure, act to render plaintiffs' underlying claims moot.  <u>See</u>, <u>e.g.</u>, <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 340 (3d Cir. 2004) ("[W]e hold defendant's <u>Rule 68 offer of judgment</u>, in the amount of $1,000 plus reasonable costs and fees provided the maximum statutory relief available to [plaintiff] individually under the FDCPA.")(emphasis added); <u>Alliance to End Repression v. City of Chicago</u>, 820 F.2d 873

(7th Cir. 1987)(noting a "'party who receives all that he has sought generally is not aggrieved by the judgment affording that relief and cannot appeal from it'" citing Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 333 (1980)(emphasis added)); Zimmerman v. Bell, 800 F.2d 386 (4th Cir. 1986)("[Plaintiff] also seeks relief from the dismissal of her individual claims after defendants offered judgment.")(emphasis added); Abrams v. Interco, Inc., 719 F.2d 23, 25-26 (2d Cir. 1983)("[Defendant] offered to allow that judgment be taken against it in the sum of $1,224.30, three times the amount of plaintiffs' purchases from [Defendant] over the four years preceding the filing of the complaint, together with costs and reasonable attorneys' fees.")(emphasis added); MacKenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003)("[A] Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the [statute].")(emphasis added). It is indeed well-settled that a Rule 68 offer of judgment by a defendant to a plaintiff for more than his claim is worth "eliminates a legal dispute upon which federal jurisdiction can be based. . . . You cannot persist in suing after you've won." Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999). But an offer of judgment was not made in this case. To the contrary, Defendant makes clear in its Reply (DE 25) to the instant Motion that its offer to Plaintiff was not a Rule 68 offer of

4

judgment.  See DE 25 ("This is not a case involving Rule 68. FOCUS' settlement offer was not a Rule 68 Offer.").

Thus, without any legal authority on point, Defendant invites the Court to treat its non-Rule 68 settlement offer as a Rule 68 offer of judgment for the limited purpose of mooting Plaintiff's FDCPA claims.  Defendant maintains that its settlement offer to Plaintiff of full statutory damages and reasonable attorney's fees was sufficient to moot his FDCPA claims, despite the facts that Defendant has not submitted to a final judgment and that its offer was rejected by Plaintiff.  Had Defendant made a Rule 68 offer of judgment to Plaintiff, the Court agrees that whether said offer was accepted by Plaintiff would be of no moment in the Court's analysis.  Indeed, it would be the Rule 68 offer of maximum statutory damages itself, and not any subsequent acceptance, that would moot the instant FDCPA claims. See MacKenzie, 276 F. Supp. 2d at 1219.  But that is not what we have here.  And Defendant simply cannot have it both ways.  The Court cannot construe Defendant's settlement offer to be a Rule 68 offer for the purposes of mooting Plaintiff's FDCPA claims, and then distinguish it from a Rule 68 offer in order to protect Defendant from having a judgment entered against it.

In the absence of a rejected Rule 68 offer, a plaintiff's FDCPA claims cannot rationally become moot where he does not

5

receive any relief.  Id.  As it so strenuously indicates in its Reply, Defendant has not made a Rule 68 offer of judgment to Plaintiff.  The instant Motion To Dismiss (DE 20) must therefore be denied.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Focus Receivables Management, LLC's Motion To Dismiss For Lack Of Jurisdiction (DE 20) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   6th    day of April, 2011.

                         WILLIAM J. ZLOCH
                         United States District Judge

Copies furnished:

All Counsel of Record