UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60597-Civ-Zloch/Rosenbaum

FRANK MANFRED,

Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S UNILATERAL PRE-TRIAL CATALOGUE[1]**

## 1. STATEMENT OF THE CASE

On April 14, 2009, Plaintiff, Frank Manfred, filed a seven count complaint (DE 1) against Defendant, Focus Receivables Management, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA"). Counts I, II, III and IV allege that Defendant violated the FDCPA. Counts V and VI allege that Defendant violated the FCCPA. Count VII alleges that Defendant violated the TCPA. Defendant denies all of Plaintiff's allegations as

[1] Defendant files a unilateral pretrial catalogue because Plaintiff has failed to confer in good faith in preparing a joint pretrial stipulation. On April 17, 2010, at 1:55p.m., Plaintiff for the first time sent an "email" requesting Defendant to review his proposed Pretrial Stipulation, never requesting to "confer". Furthermore, even if this is sufficient to constitute "a meeting of counsel", Plaintiff unreasonably provided Defendant less than 3 hours to respond, since he unilaterally filed his Pretrial Stipulation at 5:03p.m. A copy of the Plaintiff's email attempting to "confer" is attached as Exhibit "A". As a result, Defendant has been left with no choice but to file its own Unilateral Pretrial Stipulation.

contained in his complaint. Furthermore, Defendant asserts that Plaintiff provided consent to be called on his cellular telephone by providing his cellular telephone number as his home telephone on his credit application with the original creditor. In addition, Defendant, asserts that any calls to Plaintiff was a result of a bona fide error.

## 2. JURISDICTION

This Court has jurisdiction under 15 U.S.C. §1692k:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d). However, Defendant served a Rule 68 Offer of Judgment on Plaintiff noting his FDCPA claim rendering this Court without jurisdiction to the

## 3. PLEADINGS RAISING THE ISSUES

See Complaint (DE 1).

## 4. UNDISPOSED MOTIONS

Plaintiff's Motion to Compel Defendant's Deposition (DE 26).

Defendant's Motion to Compel Mediation (DE 34)

Defendant's Renewed Motion to Dismiss for Lack of Jurisdiction (DE 33)

**5. STATEMENT OF UNCONTESTED FACTS**

N/A.

**6. STATEMENT OF CONTESTED FACTS**

A. Whether Plaintiff is a consumer as defined under the FDCPA, FCCPA and TCPA

B. Whether Defendant failed to disclose in its telephone messages that it is a debt collector, and whether Defendant failed to disclose its name and the purpose of its communication in its telephone messages.

C. Whether Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone number without Plaintiff's prior express consent.

D. Whether Plaintiff provided consent to be called on his cellular telephone by providing his cellular telephone number as his home telephone number on his application for credit with the original adjuster?

E. Whether Defendant willfully or knowingly violated the TCPA.

F. Whether the calls made to Plaintiff's cellular telephone were made as a result of a bona fide error.

**7. STATEMENT OF DETERMINED LEGAL ISSUES**

N/A

**8. STATEMENT OF UNDETERMINED LEGAL ISSUES**

A. Whether Defendant violated the FDCPA's 15 U.S.C. §1692e(11), §1692d(6), §1692d(5).

B.. Whether Defendant violated the FCCPA, 559.72(7), 559.72(9) of Fla. Stat. §559.72(9).

C. Whether Defendant violated 47 U.S.C § 227 (b)(1)(A)(iii).

D.. Whether Plaintiff is entitled to declaratory and injunctive relief under the FCCPA and TCPA.

E. Whether Plaintiff is entitled to statutory damages under the FDCPA, FCCPA, or TCPA.

F.. Whether Defendant is entitled to the bona fide error defense pursuant to 15 U.S.C. 1692k(c) and Fla. Stat., §559.77.

**9. TRIAL EXHIBITS**

**DEFENDANT'S EXHIBIT LIST ATTACHED AS EXHIBIT "B"**

**10. TRIAL WITNESSES**

**DEFENDANT'S WITNESS LIST:**

1. Plaintiff, Frank Manfred
Apartment 269
757 SE 17th Street
Ft. Lauderdale, Florida 33316

2. Records Custodian of Law Office of Donald A. Yarbrough
Suite 105

2000 E. Oakland Park Blvd.
Fort Lauderdale, Florida 33339

3. Corporate Representative of Defendant, Focus Receivables Management, LLC
c/o Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Blvd
Second Floor
Hollywood, FL 33021

4. Steven Koepke
Focus Receivables Management, LLC
c/o Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Blvd
Second Floor
Hollywood, FL 33021

5. Sherry Turender
VP/Compliance Officer
First National Credit Card
500 E. 60 Street North
Sioux Falls, SD 57104

**11. ESTIMATED TRIAL TIME**

1.5 – 2 Days.

**12. ESTIMATE OF ATTORNEY'S FEES ALLOWABLE**

Defendant estimates that its attorney fees and costs by the close of trial will be approximately $15,000.00.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-60597-Civ-Zloch/Rosenbaum

FRANK MANFRED,

Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,

Defendant.
_______________________________________/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on APRIL 8, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Carlos D. Cabrera
Carlos D. Cabrera, Esq.

## SERVICE LIST

Mr. Donald A. Yarbrough, Esq.
Post Office Box 11842
Fort Lauderdale, Florida 3339
Telephone: 954-537-2000
Facsimile: 954-566-2235

Via Notices of Electronic Filing generated by CM/ECF